Filed 12/5/24  P. v. Macy-Rogers CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOANNA MACY-ROGERS,<br><br>     Defendant and Appellant. | H052175<br>(Santa Clara County<br>Super. Ct. No. C1903193) |

Defendant Joanna Macy-Rogers appeals from an indeterminate term imposed after she pleaded no contest to attempted murder, carjacking, and false imprisonment.  Upon defendant's timely appeal, we appointed counsel to represent her in this court.  Appellate counsel filed a brief stating the case and facts but raising no issues.  We notified defendant of her right to submit written argument on her own behalf, and she has not done so.

We include here a brief description of the facts and procedural history of the case as well as the conviction and punishment imposed.  We have reviewed the entire record to determine if there are any arguable appellate issues.  (*People v. Wende* (1979) 25 Cal.3d 436, 440–441; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)  Finding no arguable issue, we will affirm the judgment.

### I.  TRIAL COURT PROCEEDINGS

According to the probation report, defendant was the passenger in a sport utility vehicle whose driver led peace officers on a high-speed chase.  During the chase, an

officer observed defendant lean out of a window and fire a shotgun at the patrol car. Defendant and the driver eventually stopped their vehicle and fled on foot. They then got into a delivery van and demanded at gunpoint that the driver take them out of the area. The delivery van stopped after running over a spike strip, but defendant and her accomplice did not immediately allow the delivery driver to leave. Defendant ultimately surrendered.

Defendant was charged by information with four counts of attempted premeditated murder (Pen. Code, §§ 664, 187, 189; counts 1 through 4), each including an allegation that she personally discharged a firearm (Pen. Code, § 12022.53, subd. (c)); carjacking (Pen. Code, § 215, subd. (a); count 5); kidnapping during a carjacking (Pen. Code, § 209.5, subd. (a); count 6); false imprisonment to prevent arrest (Pen. Code, § 210.5; count 7); and reckless driving (Veh. Code, § 2800.1; count 8).

As part of a negotiated disposition, the information was orally amended to add a new count: attempted murder of a peace officer (Pen. Code, §§ 664, subd. (e), 187, 189; count 9), with an allegation that defendant personally used a firearm (Pen. Code, § 12022.5, subd. (b)). Defendant pleaded no contest to the added count, as well as carjacking and false imprisonment to prevent arrest. She admitted the firearm allegation related to the attempted murder conviction. The parties agreed to a sentence of seven years to life, consecutive to 10 years eight months.

Consistent with the negotiated plea, the trial court sentenced defendant to seven years to life for attempted murder of a peace officer (Pen. Code, §§ 664, 187, 189) consecutive to nine years for carjacking (Pen. Code, § 215, subd. (a)) and one year eight months for false imprisonment to prevent arrest (Pen. Code, §§ 210.5, 1170.1, subd. (a)). The court struck punishment for the firearm discharge enhancement (citing Pen. Code, § 1385, subd. (b)(1)), and dismissed the remaining counts and allegations on the prosecution's motion. The court made a general order of restitution. Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the court imposed but stayed a restitution fine of

2

$300 (Pen. Code, § 1202.4, subd. (b)) based on defendant's inability to pay, and imposed and suspended a parole revocation fine in the same amount.  (Pen. Code, § 1202.45.)  The court waived all other fines and fees, again based on defendant's inability to pay. Defendant received 2,147 days of presentence custody credit, based on 1,867 actual days and 280 days' conduct credit.  (Pen. Code, § 2933.1.)

## II.    DISPOSITION

The judgment is affirmed.

_____

Grover, Acting P. J.

**WE CONCUR:**


_____

Lie, J.


_____

Wilson, J.


H052175
*The People v. Macy-Rogers*